**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



RAMON TORRES HERNANDEZ;
FAMILIAS UNIDAS POR LA JUSTICIA,
AFL-CIO, a labor organization,

        Plaintiffs-Appellants,

  v.

JULIE A. SU, in her official capacity as
United States Secretary of Labor; et al.,

        Defendants-Appellees.

No. 23-35582

D.C. No. 1:20-cv-03241-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted April 2, 2024
Portland, Oregon

Before: OWENS and FRIEDLAND, Circuit Judges, and ORRICK,[**] District
Judge.

    Ramon Torres Hernandez and Familias Unidas Por La Justicia (collectively

"Plaintiffs") appeal the district court's final judgment rejecting their challenge to

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable William Horsley Orrick, United States District Judge
for the Northern District of California, sitting by designation.

approvals of certain job orders by the Department of Labor ("DOL") under the H-2A visa program.  We have jurisdiction under 28 U.S.C. § 1291.  We reverse and remand for entry of injunctive relief.[1]

1. The DOL regulation at issue requires that an employer seeking to hire temporary foreign agricultural workers under the H-2A visa program "offer, advertise in its recruitment, and pay a wage that is at least the highest of" various listed wages.  20 C.F.R. § 655.120(a).[2]  Those wages include the "Adverse Effect Wage Rate" ("AEWR"), which is always an hourly wage, and the "prevailing wage," which sometimes is a piece-rate wage tied to a worker's productivity.  *Id.* § 655.120(a)-(c).

When the prevailing wage is a piece-rate, § 655.120(a) requires that an H-2A employer offer it.  Such a wage is always "at least the highest of" the listed wages because a piece-rate wage offers workers the opportunity to earn more than they might under an hourly wage.  And although how much a given piece-rate worker will earn is unknown in advance, it will never be less than he or she would earn if paid an hourly rate: The regulations require an employer to "supplement[]"

---

[1] Plaintiffs' motion for judicial notice is granted.  Dkt. No. 13.

[2] An updated version of the regulation, which explicitly adopts the interpretation asserted by Plaintiffs, was recently finalized by DOL and will take effect in relevant part on August 29, 2024.  *See Improving Protections for Workers in Temporary Agricultural Employment in the United States*, 89 Fed. Reg. 33898, 33904 (Apr. 29, 2024).  In this disposition, we cite only the soon-to-be supplanted version of DOL's regulations.

the wages of a piece-rate worker after the fact if his or her earnings are not "at least equal to the amount the worker would have earned" under an hourly wage. *Id.* § 655.122(l)(2)(i).

Furthermore, allowing employers and DOL to ignore piece-rate prevailing wages under § 655.120(a) would largely nullify § 655.120(c), which defines the procedure for determining prevailing wages. That provision repeatedly notes that prevailing wages are denominated in "the unit of pay used to compensate the largest number of U.S. workers" for the agricultural activity in question. *Id.* § 655.120(c)(1)(v), (vii), (viii), (ix). There is no reason to think that the regulations contemplate calculating piece-rate prevailing wages under § 655.120(c) but exclude such wages from consideration under § 655.120(a).[3]

2. DOL contends that this dispute is moot because the 2023 harvest season has ended and Plaintiffs' requested remedies are unavailable or ineffective. We disagree. "[I]n deciding a mootness issue, 'the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be *any* effective relief.'" *Or. Nat. Res. Council v. U.S. Bureau of Land Mgmt.*, 470 F.3d 818, 820 (9th Cir. 2006)

---

[3] DOL does not ask for deference to its contrary interpretation of its regulation. We therefore decline to consider "whether any deference might be due." *HollyFrontier Cheyenne Refin., LLC v. Renewable Fuels Ass'n*, 594 U.S. 382, 394 (2021).

(alteration in original) (quoting *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244-45 (9th Cir. 1988)).

A narrow form of relief requested by Plaintiffs is still available: vacatur of improperly approved AEWR-only job orders from the 2023 harvest season and exclusion of wages paid under those orders from future prevailing wage surveys. Although the available relief is narrow, it is enough to keep this case from being moot.[4]

We further conclude that such relief is warranted here. On remand, the district court is directed to enter an injunction requiring DOL to exclude from future prevailing wage surveys any reported wages that (1) exactly match the AEWR; (2) were paid by an employer that had received an AEWR-only job order for the 2023 harvest season; and (3) were paid during the 2023 harvest season for work in an agricultural activity with a piece-rate prevailing wage during that season.

3. Plaintiffs seek an award of fees and costs under 28 U.S.C. § 2412, including fees and costs for litigation before the district court. We refer that request to the district court so the district court can make a single determination on whether Plaintiffs are entitled to fees, and, if so, the amount. *Cf. Ibrahim v. U.S.*

---

[4] We conclude the other forms of relief sought by Plaintiffs are not available given the facts and posture of this case.

*Dep't of Homeland Sec.*, 912 F.3d 1147, 1153 (9th Cir. 2019) (en banc).

**REVERSED AND REMANDED** for entry of injunctive relief and consideration of fees and costs.